IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REGINALD DRAKE,**<br><br>         **Plaintiff,**<br><br>v.<br><br>**IRIS Y. MARTINEZ,**<br>**CARL B. BOYD,**<br>**TARA J. TACKETT, and**<br>**JULIE A. OLSON,**<br><br>         **Defendants.** | Case No. 24-cv-02252-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

      Plaintiff Reginald Drake, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims that his criminal sentence has been miscalculated, and he seeks monetary damages. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

      In the Complaint, Plaintiff states that he pleaded guilty in two criminal cases, 22CR09445 and 23CR0378801, before Judge Boyd in the Circuit Court of Cook County. Plaintiff was sentenced in both cases by Judge Boyd on April 11, 2023, and the sentences were to run concurrently. On the record, Judge Boyd told Plaintiff that he would receive 292 days credit. (Doc. 1-2, p. 8). Plaintiff asserts that the 292 days jail credit was to be applied to both cases – 22CR09445

and 23CR0378801.

On September 22, 2024, Plaintiff received a document from the records' office coordinator, Tara Tackett, stating that there was an error in his sentence calculation for case 23CR0378801. (Doc. 1, p. 6). Plaintiff was originally awarded 292 days jail credit in case 23CR378801, but the document stated that that the jail credit was not in fact ordered by the circuit court on the mittimus for this case. Tackett informed Plaintiff that his new updated mandatory supervised release date was now January 11, 2026. This date added nine months and twenty-two days to his sentence calculation. Tackett told Plaintiff that she was reviewing case 23CR378801 to determine if jail credit should have been added to his sentence. (*Id.*; Doc. 1-2, p. 3).

On April 23, 2024, a new records' office coordinator, Julia Olson, informed Plaintiff that she received an email from Judge Boyd stating that Plaintiff was not to receive any jail credit in case 23CR0378801. (Doc. 1, p. 6). The email from Judge Boyd specifically states:

> [The] original Order of Commitment as sent was correct. Drake was arraigned and pled on April 11, 2023 regarding case number 23 CR 03788. The defendant had no time credit on 23 CR 03788.
> On the same date of April 11, 2023, the defendant also pled on 22 CR 09445. He received 292 days of credit for time spent in custody on 22 CR 09445.
> The time to be served on both cases is concurrent. No corrected Order of Commitment will be sent.

(Doc. 1-2, p. 6).

Plaintiff argues that he should be awarded jail credit in case 23CR0378801, and his sentenced has been miscalculated. (Doc. 1, p. 7). Plaintiff claims that the staff in the Vandalia records' office has taken action to oppose the sentencing order of Judge Boyd. (*Id.*). Additionally, he states that circuit court clerk, Iris Martinez, incorrectly entered his case number on his mittimus and has ignored his motions to have his mittimus corrected. (*Id.* at p. 1). Plaintiff contends that Judge Boyd contradicted himself when he told Julia Olson in an email that Plaintiff was not to receive jail credit in case 23CR0378801. (*Id.* at p. 2).

## DISCUSSION

Because Plaintiff is challenging his sentence, as stated in the order issued by the state court, his claims must be dismissed, as barred by *Heck v. Humphrey,* 512 U.S. 477, 487-88 (1994). A plaintiff seeking damages under Section 1983 for a sentencing miscalculation must first have the improper sentence invalidated. *Id.* If the nature of the procedural challenge would necessarily imply the invalidity of the sentence, then the claim is not cognizable under Section 1983. *See Edwards v. Balisok*, 520 U.S. 641, 645 (1997). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of [Section] 1983." *Heck*, 512 U.S. at 481. *See also Wilkinson v. Dotson,* 544 U.S. 74, 77 (2005) ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration' of his confinement"). Although plaintiff may challenge his continued confinement[1] in a habeas corpus action pursuant to 28 U.S.C. § 2254, he must first present all his claims to the Illinois courts. This includes appealing any adverse decision to the Illinois Appellate Court and the Illinois Supreme Court.

This Court normally gives a plaintiff an opportunity to amend his complaint before dismissing it. However, the Court may deny leave to amend where an amendment would be futile. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). In this case, an amendment would not correct the problems presented by Plaintiff's claims. Accordingly, no leave to amend will be granted.

## DISPOSITION

For the reasons stated above, the Complaint is **DISMISSED** without prejudice. No leave

---

[1] It is not clear if Plaintiff has been paroled, but this fact does not change the Court's analysis, as parole is still a form of custody. *See Goldsmith v. Garrett,* No. 24-1234, 2024 WL 3833300 at *2 (7th Cir. 2024) (citing *Tobey v. Chibucos,* 890 F. 3d 634, 651 (7th Cir. 2018)). Additionally, the "rule of *Heck* continues to apply after a person's release from custody unless the judgment has been set aside." *Id.*

to amend is granted. This dismissal does not preclude Plaintiff from bringing a state or federal claim in a newly-filed action.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. See FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal in forma pauperis. See FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 21, 2025**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**